IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2024 MAR -8 A 11: 24
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| RAYMOND J WALLER | ) |
| | ) |
| Plaintiff(s), | ) CIVIL ACTION NO. 2:24-CV-153-ECM-KFP |
| | ) |
| | ) JURY DEMAND (MARK ONE) |
| v. | ) |
| TROY UNIVERSITY | ) ☑ YES   ☐ NO |
| | ) |
| Defendant(s). | ) |

## COMPLAINT

1. Plaintiff(s)' address and telephone number: 837 KITTRELL CREEK ROAD SANDERSVILLE, GEORGIA 31082

2. Name and address of defendant(s): TROY UNIVERSITY
   JACK HAWKINS
   216 ADAMS ADMINISTRATION BUILDING
   TROY, ALABAMA 36082

3. Place of alleged violation of civil rights: TROY, ALABAMA

4. Date of alleged violation of civil rights: September 30, 2022

5. State the facts on which you base your allegation that your constitutional rights have been violated: On August 14, 2018, the plaintiff filed formal grievance with university. Grounds for the grievance included unlawful directives, directives that violated policy, harrassment, retaliation, making threats, offering the plaintiff $18,000 to cease grievance, nepotism, denying medically requested work accommodations, salary reductions without cause, defamation and intentional degradation of my professional reputation, and ongoing emotional abuse. The formal grievance filed by the plaintiff was resolved by the Senior Vice Chancellor of Academic Affairs, Dr. Earl Ingram, who cited numerous areas of conduct that he would address with Dr. Green. The plaintiff asked Dr. Ingram what he would like to see the plaintiff do differently or better.
CONTINUED: SEE ATTACHMENT

1

Attachment

Dr. Ingram responded, "Nothing. You did nothing wrong." Nonetheless, the plaintiff has endured discrimination, sanctions, retaliation, and harassment for years, despite frequent requests for relief.

Dr. Green, Dean-College of Health and Human Services-made an unsubstantiated allegation that the plaintiff had made a serious, credible threat against another faculty member. The plaintiff denied this allegation, but was nonetheless placed on administrative leave until it could be proven the plaintiff posed no danger. Troy University advised the plaintiff to seek personal representation, which was not done because the cost was prohibitive due to ongoing financial penalization. The judge dismissed the request due to lack of evidence. Nonetheless, the plaintiff continued to be barred from campus after fulfilling the Defendant's requirements to return and worked exclusively online as his assigned duty location.

Due to ongoing exploitation of my health and disability status and the intentional targeting for continued harassment, retaliation, and discrimination, the plaintiff filed EEOC charges in May 2021. Human Resources informed the plaintiff that he had never been granted work accommodations, despite 5 years of documentation and attempts. In fact, the Defendant was given clear evidence that work accomodations had been provided. The Plaintiff was issued a right to sue on 16Sept21. In an attempt to settle this complaint, Troy counsel already offered assistance with retirement on long term disability.

The Plaintiff continued to be a target of discrimination, harassment, and retaliation by the Defendant. The Plaintiff was the subject of baseless financial reductions and associated efforts to provoke the Plaintiff into constructive discharge. The Plaintiff received a faculty evaluation that was so unrepresentative that a revision was submitted. The Plaintiff worked with little to no university support for years, funding his own university work. The circumstances imposed by the Defendant systematically eliminated engagement with the field, destroying his professional reputation, which had been exemplary.

The Plaintiff experienced a series of three accidents involving injury due to exacerbated mobility difficulties secondary to long covid beginning in March, 2022. At the behest of the Defendant, Dr. Waller entered sick leave beginning March 25, 2022 and began the process of applying for long term disability. He agreed to do so based on years of ongoing discrimination, retaliation, and harassment from the defendant, due to his belief that he was being presented an ultimatum and uncertainty of his future medical outcomes. Long term disability was denied. Plaintiff was informed by the defendant that, since long term disability was denied, he was no longer on sick leave and that he must return to work at a new campus location. This directive was given despite the defendant still being on medically documented sick leave, still being treated with opioid pain medication, still being on driving restrictions, and still being unable to dress himself. These facts were made known to the Plaintiff repeatedly. As a result of the pressure exerted on him by the Defendant, the Plaintiff petitioned his physician for medical clearance to return to work. Medical clearance was given to return to work from home. The Defendant issued a directive knowing that the Plaintiff could not comply and that it was in violation of university policies, including the university policy directing procedures associated with faculty transfers of duty station. Further, Dr. Waller was not given an assigned workspace or placed on the directory for the identified campus. There is no doubt that the Defendant made compliance with the directive impossible.

Furthermore, there were neither assigned courses being taught on the proposed campus, active programs in which to teach, nor students to advise. The program directors were unaware of a campus based need justifying reassignment to campus. Indeed, the vast majority of registered students were online students. In the absence of programmatic needs guiding a faculty transfer, it suggests that such a directive is harassing and retaliatory.

On September 30, 2023, the plaintiff was terminated from his employment for the stated grounds of exhausting accrued sick leave hours and because the Plaintiff's request to work online was denied. Under university policy, these are not grounds for termination. Further, the plaintiff repeatedly notified the defendant that he had not expended all accrued sick leave hours and that the Defendant was not complying with university policy regarding faculty transfers. Indeed, the Defendant was notified upon receipt of notification of termination that he had not expended accrued sick leave and was, in fact, in the hospital for surgery on the day of notification.

In December 2023, the Plaintiff had an appeals hearing as part of right to due process afforded to tenured faculty members. Of interest is that the Plaintiff was allowed to participate remotely due to limiting health issues for what he was told was the first time such approval was granted. The Defendant presented a case against Dr. Waller that was largely unrelated to the grounds cited for termination, that was replete with falsehoods, and which was inordinately prejudicial rather than probative. There were also numerous implied accusations against the Plaintiff that were not true. It is of no surprise that this hearing resulted in a recommendation to uphold termination. This proceeding is available as an audio-visual recording.

6.     Relief requested: The Plaintiff seeks a declaratory judgement that the Defendant unlawfully discriminated, harassed, and retaliated against him. The Plaintiff seeks compensatory damages in lost wages, benefits, and retirement due to this unlawful treatment and termination. The Plaintiff seeks compensatory damages for mental anguish experienced due to years of unlawful discrimination, harrassment, and retaliation as well as for the destruction of a productive reputation and career and the resulting unemployability he faced. The Plaintiff seeks punitive damages for the aforementioned with special consideration to the fact that these things were done systematically and with intent, despite lack of grounds. The Plaintiff seeks all associated court costs be paid by the Defendant. The plaintiff finally seeks any other relief the court may deem appropriate and necessary.

Date: March 6, 2024

Plaintiff(s) Signature

3/7/24

2



ORIGIN ID:MCNA (334) 350-2454
RAYMOND J WALLER
837 KITTRELL CREEK RD.
SANDERSVILLE, GA 31082
UNITED STATES US

SHIP DATE: 07MAR24
ACTWGT: 1.00 LB
CAD: 250941740/WSXI3600
DIMS: 18x13x3 IN

BILL SENDER

TO U.S.D.C CLERK OF COURT
U.S.D.C CLERK OF COURT
1 CHURCH ST
SUITE B-110
MONTGOMERY AL 36104
(334) 954-3600

FedEx Express

TRK# 2718 8352 0436
FRI - 08 MAR 10:30A
PRIORITY OVERNIGHT

39 MGMA
36104
AL-US BHM