IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2025 JAN 23  P 1: 14
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| DR. RAYMOND J. WALLER, | ) |
| | ) |
| Plaintiff, Pro Se | ) |
| | ) |
| v. | )  Civ Act No.: 2:24-cv-00153 – ECM |
| | )  Constitutionality claim |
| TROY UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## THE PLAINTIFF'S CONSOLIDATED INITIAL DISCLOSURES

**Plaintiff Dr. Raymond J. Waller (hereinafter "Plaintiff")**, pursuant to Rule 26(a)(1) of the *Federal Rules of Civil Procedure*, does hereby serve its initial disclosures to **Defendant Troy University ("Defendant")** based upon information available to the Plaintiff at this time. These disclosures represent a good-faith effort to identify information this Plaintiff believes to be relevant to the factual disputes and other issues alleged in the pleadings, as required by **Rule 26(a)(1).**

By making these disclosures, the Plaintiff does not represent that he is identifying every document, tangible thing, or witness relevant to this lawsuit, as continuing investigation and discovery may alter this disclosure. Thus, the Plaintiff submits this disclosure with the understanding that it does not in any way limit its discovery in this lawsuit or its right to supplement or amend these disclosures in the future. Nor does the Plaintiff waive his right to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, the work product immunity doctrine, relevancy, materiality, competency, undue

1

burden, hearsay, or any other valid objection to its discoverability or to its use as evidence. These disclosures are preliminary, and discovery is ongoing. The Plaintiff reserves the right to amend, correct, or modify these disclosures based on the discovery of new information.

1. **Identities of Individuals Likely to Have Discoverable Information:**

    **FED. R. CIV. P. 26(a)(1)(A)(I): The Plaintiff's Disclosures**

The following individuals are likely to have discoverable information that The Plaintiff may use to support his claims in this action:

- **Ms. Rachel Garrett** (former employee of Defendant) – Expected to testify regarding Troy Group Home.
- **Ms. Sarah Marsh** (current employee) – Expected to testify regarding departmental operations.
- **Dr. Bill Grantham** (former interim department head) – Expected to testify regarding The Plaintiff's performance evaluations and employment conditions.
- **Dr. Matthew Knierim** (former department head) – Expected to testify regarding faculty management and The Plaintiff's employment history.
- **Mr. Timothy Kimbrough** (former employee of Defendant) – Expected to testify regarding Defendant's administrative practices.
- **Dr. Sheryl Matney** (former department head) – Expected to testify regarding administrative practices.
- **Dr. Jalonta Jackson-Glasgow** (former department head) – Expected to testify regarding Defendant's handling of personnel matters and targeted harassment of the Plaintiff.
- **Dr. Amy Cox** (department head) – Expected to testify regarding faculty workload assignments and student enrollment.
- **Dr. Onick Lewis** (department head) – Expected to testify regarding departmental operations relevant to The Plaintiff's employment.
- **Ms. Sharron Brandenburg** (former employee of Defendant) – Expected to testify regarding faculty workload.

- **Mr. Brent Eubanks** (former employee of Defendant) – Expected to testify regarding faculty work environment.
- **Dr. Christina Martin** (employee of Defendant) – Expected to testify regarding Samantha Ellis' performance as a doctoral student following the Plaintiff becoming a member of the doctoral committee.
- **Dr. Lauren Ricciardelli** (former employee of Defendant) – Expected to testify regarding accreditation consultation.
- **Dr. Kimber Wickersham** (former department head) – Expected to testify regarding targeted harassment from Dr. Green and work environment.
- **Dr. Mark Tillman** (former dean) – Expected to testify regarding departmental communication.
- **Dr. John Miller** (former associate dean) – Expected to testify regarding targeted harassment from Dr. Green.
- **Ms. Judy Fulmer** (former employee of Defendant) – Expected to testify regarding external funding.

**Scope:** Each witness is expected to provide information relevant to the Plaintiff's employment, performance, allegations of retaliatory treatment, or university policy.

**Reservation:** The Plaintiff reserves the right to supplement this list as discovery progresses in accordance with **Rule 26(e)**.

2. **Documents in Defendant's Possession, Custody, or Control Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii):**

The Plaintiff identifies the following categories of documents in Defendant's possession, custody, or control that The Plaintiff may use to support his claims, excluding privileged materials:

- **Personnel Records:** Complete personnel file for The Plaintiff, Dr. Denise Green, Dr. B. C. Farnham, Ms. Samantha Ellis, and Dr. John Garner including evaluations, disciplinary records, performance reviews, job titles held and when, and all documentation related to separation from the university.

- **Email Communications:** All emails and internal communications from or sent to Dr. Earl Ingram, Dr. Denise Green, Ms. Samantha Ellis, Dr. Lance Tatum, Dr. Lee Vardaman, Ms. Asley English, Dr. John Garner, Dr. Bill Grantham, Ms. Renita Davis, Dr. Amy Cox, Dr. Matthew Knierim, and Dr. Javiar Boyas related to employment conditions, performance evaluations, and termination.
- **Record of All Communications:** All documents and communication exchanged between members of the panel adjudicating the due process procedure following termination of the Plaintiff.
- **Employment Policies:** Copies of Troy University's Employee Handbook, disciplinary policies, applicable state personnel policies, Administrative Operating Procedures, progressive discipline policies, and faculty support guidelines from August 1, 2010, to December 31, 2022.
- **Training Requirements and Materials:** Requirements relating to and training materials for employees of the Defendant on the Americans with Disabilities Act, supervisory responsibilities and conduct, and ethical responsibilities of public/university employees.
- **Internal Investigations:** Documentation related to investigations involving workplace treatment, faculty complaints, and the handling of allegations against **Dr. Denise Green** and **Ms. Samantha Ellis**.
- **Workload and Compensation Data:** Teaching assignments, overload teaching records, and related compensation for faculty within the School of Social Work and Human Services during the period of The Plaintiff's employment.
- **Due Process Documentation:** All records related to The Plaintiff's employment termination proceedings, including transcripts, audio/visual recordings, all emails exchanged by any employee of the Defendant regarding it, and termination notices.
- **External Funding Records:** All grants, contracts, and other funding applications submitted through the office of external funding with Dr. B. C. Farnham as a payee.
- **Comparative Data:** Employment records, personnel evaluations, and disciplinary actions of faculty similarly situated to the Plaintiff during the relevant period.
- **Faculty Development and Support:** All documents, communications, and records reflecting yearly allocation of institutional support provided or withheld from the Plaintiff, including but not limited to equipment and supplies necessary for job duties,

- faculty development funds, travel reimbursement, mentoring opportunities, research grants, and professional development resources, during the Plaintiff's employment.
- **The Plaintiff's work email:** A comprehensive record of work email for the duration of employment in a searchable digital format or via restricted access to Troy Servers.

The Plaintiff reserves the right to supplement these categories as discovery continues under **Fed. R. Civ. P. 26(e)**.

**ESI Preservation Notice:**

The Plaintiff requests that all ESI, including emails and associated metadata, be preserved in native format in compliance with **Fed. R. Civ. P. 34(b)**.

3. **The Plaintiff's First Requests for Admissions Pursuant to Fed. R. Civ. P. 36:**

The Plaintiff requests that Defendant admit or deny the following statements within thirty (30) days:

1. Admit that the Plaintiff received positive performance evaluations throughout his employment period and prior to his termination.
2. Admit that the Plaintiff was not provided with a formal performance improvement plan before his termination.
3. Admit that the Defendant's Employee Handbook in effect at the time of The Plaintiff's termination contained a progressive discipline policy.
4. Admit that the directive for the Plaintiff to relocate to the Dothan Campus was not based on evidence of programmatic need.
5. Admit that Plaintiff was banned from campus and reassigned to teach exclusively online.
6. Admit that the Defendant failed to comply with university policy related to faculty transfers.
7. Admit that the Defendant did not conduct a formal investigation into The Plaintiff's allegations of wrongful treatment before his termination.
8. Admit that Dr. Denise Green was the subject of complaints related to workplace harassment and retaliation.
9. Admit that the Plaintiff's termination was managed differently than other faculty members with similar performance records and tenure status.

10. Admit that the Plaintiff's termination was addressed differently than any other faculty members within the School of Social Work and Human Services regarding a potential disciplinary action for five years prior to termination.
11. Admit that Defendant has not uniformly applied its disciplinary policies across all faculty members during the period of Plaintiff's employment.
12. Admit that the Plaintiff submitted multiple reports of retaliatory treatment before his termination, which were known to senior administration, and that Defendant failed to conduct a formal investigation or take corrective action in response.
13. Admit that the Plaintiff was assigned office space on the Dothan campus upon hiring on June 1, 2010, that the Plaintiff was evicted from this office space in November of 2019, and that office space on the Dothan Campus was never reassigned.
14. Admit that the Defendant made misrepresentative allegations and ad hominem attacks during the Plaintiff's due process appeal of termination.
15. Admit that the Plaintiff requested Whistleblower protection that was denied by the Defendant.

### 4. Computation of Damages Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii):

The Plaintiff seeks the following categories of damages, subject to supplementation as discovery progresses, sought under **Ala. Code §36-26A-1 et seq. 2012, 42 U.S.C. § 1981a(b)(1), 42 U.S.C. § 1988(b).**

- Back pay: Calculated from the date of adverse employment action to present, citing Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975).
- Front pay: Projected future earnings loss, citing Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843 (2001).
- Emotional distress damages: Referencing Carey v. Piphus, 435 U.S. 247 (1978).
- Punitive damages: Based on the Defendant's reckless disregard for Plaintiff's federally protected rights, citing Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999).
- Damages under the State Employee Protection Act, Ala. Code §36-26A-1 et seq. for retaliatory actions against a state employee.

A more detailed calculation will be provided following expert review and additional discovery under **Fed. R. Civ. P. 26(e)**.

### 5.     Insurance Coverage Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv):

The Plaintiff requests copies of all insurance agreements under which an insurer may be liable to satisfy part or all of a judgment entered in this action or to indemnify the Defendant for any payments made in satisfaction with a judgment, including policies covering public officials or employment practices liability insurance (EPLI), as required by **Fed. R. Civ. P. 26(a)(1)(A)(iv)**.

6. **Electronically Stored Information (ESI) Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34:**

The Plaintiff identifies electronically stored information (ESI) as relevant to this matter, including but not limited to:

- Emails, personnel records, and performance evaluations stored on Troy University's servers.
- Metadata associated with emails exchanged between the Plaintiff and the individuals identified in Section 1.

The Plaintiff requests that ESI be preserved in its native format, with metadata intact, as required by **Fed. R. Civ. P. 34(b)**:

7. **Reservation of Rights and Continuing Duty to Disclose Pursuant to Fed. R. Civ. P. 26(e):**

The Plaintiff reserves the right to amend or supplement these disclosures in accordance with **Rule 26(e)** as new information is obtained. These disclosures do not waive any objections to admissibility or discoverability under applicable laws.

Dated this 14th day of January, 2025.

Respectfully submitted,

Dr. Raymond J. Waller
Pro Se Plaintiff
837 Kittrell Creek Road
Sandersville, Georgia
drrjwallerphd@gmail.com
334-350-24554

## CERTIFICATE OF SERVICE

I hereby certify that on this January 14, 2025, I submitted a copy of the **PLAINTIFF'S INITIAL DISCOVERY DISCLOSURES** upon the following parties by U.S. Mail.

**Matthew M Baker & Associates**
P. O. Box 325
914 South Brundidge Street
Troy, Alabama 36081
mbaker@troycable.net

**Executed on January 14, 2025.**

**Dr. Raymond J Waller**
837 Kittrell Creek Road
Sandersville, Georgia 31082
334-350-2454
drrjwallerphd@gmail.com

_____
Signature

Waller
837 Kittrell Creek Rd.
Sandersville, GA 31082

CERTIFIED MAIL
7019 0700 0001 1894 9871

Retail
U.S. POSTAGE
FCM LETTER
SANDERSVILLE
JAN 14, 2025
$9.96

Clerk of Court
U.S. District - middle District Alabama
Northen Division
1 Church St
Montgomery, AL 36104

36104-401801