IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND J. WALLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-153-ECM-KFP |
| | ) | |
| TROY UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On April 10, 2025, the Court held an in-person hearing on Plaintiff's Motion to File Amended Complaint (Doc. 39). Upon consideration of the Motion and for the reasons stated during the hearing, it is ORDERED that Plaintiff's Motion is GRANTED.

When amending the complaint, the plaintiff must comply with all applicable law, including the procedural rules. The amended complaint must provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The complaint must clearly identify each claim, the person against whom the claim is brought, and the factual allegations that support the claim. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). No evidentiary submission is required to accompany the pleading.

Plaintiff is further ORDERED to file an Amended Complaint on or before **April 25, 2025,** that complies with the Federal Rules of Civil Procedure and the following requirements of this Order:

    a.    The Amended Complaint must include a short and plain statement of Plaintiff's claims and identify, with factual allegations to support, any federal causes of action under which Plaintiff brings his claims (or allege sufficient facts to support diversity jurisdiction);

    b.    The Amended Complaint must contain specific factual allegations about defendants' conduct (*i.e.*, what actions each defendant took that constitute the claims being alleged by Plaintiff), clearly indicating which specific factual allegations provide support for which claims against the named defendant and noting the relevant dates of all such actions;

    c.    The Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and, if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count;

    d.    The Amended Complaint must contain a demand for relief;

    e.    The Amended Complaint must exclude generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claims for relief; and

    f.    The Amended Complaint must be executed by Plaintiff consistent with Rule 11 of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 11 provides in part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**Plaintiff is expressly cautioned that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed**. Plaintiff is further cautioned that the only issues before the court will be those raised in the Amended Complaint and that he will not be permitted to rely upon any allegations in the original Complaint not specifically included in the Amended Complaint. *See, e.g., Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (citation omitted).

Plaintiff is encouraged to review the section about "representing yourself" on the court's website at http://www.almd.uscourts.gov. The Federal Rules of Civil Procedure, the Local Rules for the Middle District of Alabama, and complaint forms and instructions are also available for review on the website.

Plaintiff need not file another motion to amend; he may file his Amended Complaint pursuant to this Order.

---

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1)-(3). "Rule 11 applies to pro se plaintiffs." *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010) (citing *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989)). A failure to adhere to Rule 11 can lead to the imposition of sanctions against the offending party, including monetary sanctions. *Id*.

The Clerk is DIRECTED to send a copy of this Order to Plaintiff Raymond J. Waller at his address of record.

DONE this 11th day of April, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE